**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-40563**
**Summary Calendar**

_____

**BENNIE FINISTER,**

**Plaintiff-Appellant,**

**versus**

**B. SPRINGER,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(G-95-CV-763)**

_____

June 3, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Bennie Finister, Texas state prisoner #649506, appeals the dismissal of his civil rights complaint as barred by the applicable two-year statute of limitations. The incident about which Finister complains occurred on 25 November 1993. Although Finister's complaint is dated as executed on 24 November 1995, within the limitations period, it was not filed until 6 December 1995, outside that period.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The magistrate judge recommended that the action be dismissed as time-barred. And, in accordance with *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), the magistrate judge warned the parties that "[f]ailure to file written objections within [ten days of receipt of the Report and Recommendation] shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Court, except upon grounds of plain error".

On 27 March 1997, Finister requested additional time to file an objection to the magistrate judge's report and recommendation. The magistrate judge granted the motion, giving Finister an extension until 18 April. On 17 April, Finister filed a second request for an extension of time. By order entered 28 April, the district court denied Finister's second request for additional time and accepted the magistrate judge's report and recommendation, dismissing Finister's action as time-barred. On 29 April, the day after judgment was entered, Finister filed untimely objections to the magistrate judge's report and recommendation, in which he asserted that he placed the complaint in the prison mail system on 24 November 1995.

Finister contends that the district court erred by dismissing his action as time-barred, because he deposited his complaint into the prison's internal mail system on 24 November 1995, within the

limitations period. For limitations purposes, Finister's complaint was filed on the date he delivered it to prison officials for mailing to the district court. *See* **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995).

It cannot be determined from the record, however, whether Finister deposited his complaint into the prison mail system within the limitations period. Ordinarily, we would remand the case to the district court for the limited purpose of making such a determination. *See* **Thompson v. Montgomery**, 853 F.2d 287, 288 (5th Cir. 1988). But, because Finister failed to timely object to the magistrate judge's report and recommendation, we review his contention only for plain error. *See* **Douglass**, 79 F.3d at 1428-29.

Finister has not demonstrated plain error, because the date on which he deposited his complaint into the prison mail system is a factual determination. "Only in the rarest of circumstances do errors involving issues of fact amount to plain error". **Lackey v. Johnson**, 116 F.3d 149, 153 (5th Cir. 1997); *see also* **Robertson v. Plano City of Texas**, 70 F.3d 21, 23 (5th Cir. 1995) ("because the nature of the claimed error is a question of fact, the possibility that such a finding could rise to the level of obvious error required to meet part of the standard for plain error is remote").

*AFFIRMED*